IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **AALIYAH MUNGRO**<br>3231 12th AVENUE PLACE SE<br>CONOVER, NC  28613, | : JURY TRIAL DEMANDED<br>:<br>: |
| **Plaintiff,** | :<br>: |
| v. | :<br>: |
| | : CIVIL ACTION |
| **CITY OF CLAREMONT**<br>3288 EAST MAIN STREET<br>CLAREMONT, NC  28610<br>         and | :<br>:<br>:<br>: No. 5:24-cv-249 |
| **CLAREMONT POLICE CHIEF BOST**<br>3288 EAST MAIN STREET<br>CLAREMONT, NC  28610<br>         and | :<br>:<br>:<br>: |
| **CLAREMONT POLICE SERGEANT GOFF**<br>3288 EAST MAIN STREET<br>CLAREMONT, NC  28610<br>         and | :<br>:<br>:<br>: |
| **CLAREMONT POLICE CORPORAL KIRBY**<br>3288 EAST MAIN STREET<br>CLAREMONT, NC  28610<br>         and | :<br>:<br>:<br>: |
| **CLAREMONT POLICE OFFICER RIDLEY**<br>3288 EAST MAIN STREET<br>CLAREMONT, NC  28610<br>         and | :<br>:<br>:<br>: |
| **CLAREMONT POLICE OFFICER LEWIS**<br>3288 EAST MAIN STREET<br>CLAREMONT, NC  28610<br>         and | :<br>:<br>:<br>: |
| **CLAREMONT POLICE OFFICERS JOHN/JANE DOES #'s 1-5**<br>3288 EAST MAIN STREET<br>CLAREMONT, NC  28610<br>         and | :<br>:<br>:<br>:<br>: |
| **SPECIAL AGENT MADISON A. GAMBINO**<br>3320 GARNER ROAD<br>RALEIGH, NC  27610<br>         and | :<br>:<br>:<br>: |
| **SPECIAL AGENT R.G. CRAWLEY**<br>3320 GARNER ROAD<br>RALEIGH, NC  27610 | :<br>:<br>:<br>: |

|  | : |
| --- | --- |
| and | : |
| SPECIAL AGENTS JOHN/JANE DOE #'s 1-5 | : |
| 3320 GARNER ROAD | : |
| RALEIGH, NC  27610 | : |
| and | : |
| SPECIAL AGENT IN CHARGE CHRIS LAWS | : |
| 3320 GARNER ROAD | : |
| RALEIGH, NC  27610 | : |
| and | : |
| SPECIAL AGENTS IN CHARGE | : |
| JOHN/JANE DOE #'s 1-2 | : |
| 3320 GARNER ROAD | : |
| RALEIGH, NC  27610 | : |
|  | : |
| **Defendants.** | : |

# COMPLAINT

## I.  INTRODUCTION

1. Plaintiff, Aaliyah Mungro (hereinafter "Plaintiff"), brings this action for damages pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution, as well as North Carolina Common Law, as a result of being falsely accused, arrested, charged, incarcerated and maliciously prosecuted for the death of her seven-week-old son, Kingston Knox (hereinafter "Kingston").

## II.  JURISDICTION AND VENUE

2. The Court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §§ 1331 and 1343 because they arise under the Federal Constitution and jurisdiction over the State Common Law Claims pursuant to 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

3. Venue is proper pursuant to 28 U.S.C. § 1391(c) because the causes of action upon which the Complaint is based arose in and around the City of Claremont, NC, located in Catawba County, NC, which is in the Western District of North Carolina.

### III. PARTIES

4. Plaintiff, Aaliyah Mungro, is an adult individual and citizen of the State of North Carolina residing as captioned.

5. Defendant, City of Claremont, is a municipal corporation and entity organized and existing under the laws of the State of North Carolina with its principal place of business as captioned.

6. Defendant, City of Claremont, acted or failed to act through its officers, employees, agents, servants, and /or contractors, then and there acting in the course and scope of their employment, agency, servanthood, and/or contract, including but not limited to the individually named City of Claremont Defendants Police Officers/Detectives John/Jane Doe #'s 1-5.

7. Defendants, Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Claremont Police Officers John/Jane Doe #'s 1-5, are adult individuals and residents of the State of North Carolina, who at all relevant times were employed by the City of Claremont as Law Enforcement Officers, and who at all times relevant hereto were acting in the course and scope of their employment, under the color of state law, and pursuant to the customs, practices and policies of Defendant City of Claremont and the Claremont Police Department.

8. Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 are being sued in their individual capacities.

9. Defendants Special Agent (hereinafter "SA") Madison A. Gambino, Special Agent R.G. Crawley and Special Agents John/Jane Doe #'s 1-5 are adult individuals and residents of the State of North Carolina, who at all relevant times were employed by the North Carolina State Bureau of Investigation (hereinafter "NCSBI") as Special Agents, and who at all times relevant

hereto were acting in the course and scope of their employment, under the color of state law and pursuant to the customs, practices and policies of the NCSBI.

10. Defendants SA Madison A. Gambino, SA Crawley and SAs John/Jane Doe #'s 1-5 are being sued in their individual capacities.

11. Special Agent in Charge (hereinafter "SAC") Chris Laws and/or Special Agents in Charge John/Jane Doe #'s 1-2 was/were the supervisor(s) of Defendants SA Madison A. Gambino, SA R.G. Crawley and SAs John/Jane Doe #'s 1-5 and oversaw/directed the investigation leading to the arrest and prosecution of the Plaintiff, and at all times relevant hereto was/were actually or constructively aware that Defendants SA Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #'s 1-5 conduct posed a pervasive and unreasonable risk of constitutional injury, and acquiesced in and was/were deliberately indifferent to that risk resulting in the violation of the Plaintiff's constitutional rights.

12. Defendants SAC Laws and Special Agents in Charge John/Jane Does #'s 1-2 are being sued in their individual capacities.

**IV. OPERATIVE FACTS**

13. On August 29, 2020, Plaintiff gave birth to her son, Kingston Knox.

14. At the time of Kingston's birth, Plaintiff had two other children, La-Hiha, who was two years old, and Mahogany, who was eleven months old.

15. Plaintiff had a surgical procedure subsequent to the birth of Kingston and was unable to care for all three (3) children while the father of Kingston, Jerry Maurice Knox ("Jerry Knox"), was at work.

16. Due to the above inability to care for all three (3) children, a friend, Phoebe Peterson (hereinafter "Phoebe"), was the primary care giver to Kingston during his short life.

17. After Kingston was born, he lived with Phoebe Peterson the majority of the time, with the exception of October 13, 2020, when he briefly visited his mother, the Plaintiff, at her home.

18. On October 17, 2020, Plaintiff requested that Phoebe bring Kingston home, and she dropped him off at the Plaintiff's residence at approximately 12:30 pm.

19. Phoebe left shortly after dropping Kingston off, and Plaintiff fed Kingston a bottle and he went to sleep.

20. Around 2:30 pm, Plaintiff left for work at a nearby Subway sandwich shop.

21. While at work, Kingston's father, Jerry Knox, was at the house caring for the children, including Kingston.

22. Sometime after Plaintiff left, Jerry Knox took a shower, and noted that Kingston, who was always crying, was not crying.

23. After the shower, Jerry Knox carefully picked Kingston up and placed him in a swing in the living room with the intent to feed him.

24. Kingston did not wake up when Jerry Knox placed him in the swing, but he noticed some blood coming out of Kingston's nose and cleaned it.

25. Jerry Knox then went to the kitchen to prepare a bottle, and when he returned, he noticed more blood coming from Kingston's nose and checked his body and realized he wasn't breathing.

26. Jerry Knox did not have any more pre-paid minutes left on his cell phone, so he ran to Plaintiff's place of employment and told her that Kingston was not breathing, and both ran back to the house, and called 911 at 4:42 pm.

27. EMT's arrived at the house at around 4:50 pm and found that Kingston had blood from the nose and mouth, was not breathing, and had no heart electrical activity or contracting.

28. Kingston was taken to the hospital while resuscitation efforts were underway, and he was pronounced dead at 5:42 pm, although he had died well before that time.

29. Kingston had no observable physical injuries, and well before the autopsy was completed and the official cause of death known, and before the Claremont Police Officers and/or Special Agents from the NCSBI had interviewed Kingston's primary care giver, Phoebe Peterson, Plaintiff was arrested on October 20, 2020, and charged with First Degree Murder and Child Abuse regarding the death of her son, Kingston Knox.

30. Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Offices John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Lewis and/or SACs John Doe #1-2 arrested Plaintiff on October 20, 2020 and initiated criminal proceedings against her without any evidence or probable cause to believe that she had committed the crimes of First Degree Murder and Child Abuse in violation of her rights under the Fourth Amendment of the United States Constitution, as incorporated and applied to the States through the Fourteenth Amendment.

31. Plaintiff was unable to make bail, and after being arrested and charged was incarcerated at the Catawba County Detention Center.

32. On November 17, 2020, the Plaintiff was formally indicted by the Grand Jury notwithstanding that the official autopsy report had not been released and would not be completed and released until March 5, 2021.

33. The only witness before the Grand Jury was Defendant SA Madison A. Gambino, who intentionally supplied misleading and inaccurate information to the Grand Jurors in an effort to secure an indictment of the Plaintiff.

34. Specifically, based on limited to no evidence at best, Defendant SA Gambino mislead the Grand Jurors to believing that the Plaintiff had the opportunity to cause the injury resulting in Kingston's death, when evidence produced in the official autopsy report released approximately three (3) months later established that this was not possible. Exhibit "A", News Article dated July 27, 2022.

35. The original autopsy established that Kingston died from a fracture of the frontal bone of the skull caused by blunt force trauma.

36. It further established that the blunt force trauma that resulted in Kingston's death occurred four (4) to eighteen (18) hours prior his death, and, conservatively placing the time of death at 4:00 pm, this meant that the blunt force trauma that caused Kingston's death occurred before he was dropped off at the Plaintiff's home at 12:30 pm on October 17, 2020, when Kingston was in the custody of the baby sitter, Phoebe, and accordingly the Plaintiff could not have been responsible for his death.

37. The autopsy also revealed that Kingston had suffered prior blunt force trauma to the head approximately two (2) to three (3) weeks before his death, rib fractures approximately two weeks before his death, and a fracture of the right wrist approximately two (2) weeks before his death, all which would have occurred when Kingston was not in the Plaintiff's care or custody.

38. After approximately six months in jail, Plaintiff was released on bail, and on July 19, 2022, the criminal charges against the Plaintiff were dismissed by the District Attorney. See, Exhibit "A".

39. In dismissing the criminal charges, the District Attorney stated: "We met with the medical examiner, and he stated the injuries could have happened within four (4) to eighteen (18) hours prior to the baby's death, and the infant was with numerous adults and children during that time." See, Exhibit "A".

40. Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 unreasonably seized or arrested the Plaintiff on October 20, 2020, and initiated criminal proceedings against her, without probable cause.

41. Nor did the indictment handed down November 17, 2020, establish probable cause to arrest Plaintiff and initiate criminal proceedings against her because the only witness, Defendant SA Madison A. Gambino, did not have the Coroner's Report, which did not yet exist, or advise the Grand Jury of exculpatory evidence that exonerated the Plaintiff and therefore she misled the Grand Jury regarding Plaintiff's opportunity to inflict injury on Kingston on October 17, 2020.

42. When the Coroner's Report was completed on March 5, 2021, it presented credible evidence that the Plaintiff could not have committed the crime, and, based on the four (4) to eighteen (18) hour window during which the crime was committed did not commit the crime, and despite this evidence Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #'s 1-5 and/or SAC Lewis and/or SACs John Doe #1-2 continued with the prosecution of the Plaintiff notwithstanding the lack of probable cause, and did not dismiss the charges against her until July 19, 2022.

43. Plaintiff is innocent of the charges that were brought against her, and on July 19, 2022, the criminal charges against her were dismissed and terminated in her favor.

44. As the direct and proximate result of being unconstitutionally seized/arrested and maliciously prosecuted for First Degree Murder and Child Abuse by Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers

8

John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #'s 1-5 and/or SAC Lewis and/or SACs John Doe #1-2, the Plaintiff was incarcerated for six months without proper legal authority.

45. As the direct and proximate result of being unconstitutionally seized/arrested and maliciously prosecuted for First Degree Murder and Child Abuse by Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #'s 1-5 and/or SAC Lewis and/or SACs John Doe #1-2, the Plaintiff lost custody of her two surviving children, La-Hiha and Mahogany, and is engaged in a fight with the Division of Social Services of the State of North Carolina, to regain full custody of them.

46. As the direct and proximate result of being unconstitutionally seized/arrested and maliciously prosecuted for First Degree Murder and Child Abuse by Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #'s 1-5 and/or SAC Lewis and/or SACs John Doe #1-2, the Plaintiff suffered a deprivation of liberty, loss of reputation in her community, severe emotional distress and mental anguish, loss of enjoyment of life, and loss of her emotional bond with her two surviving children.

47. As the direct and proximate result of being unconstitutionally seized/arrested and maliciously prosecuted for First Degree Murder and Child Abuse by Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #'s 1-5 and/or SAC Lewis and/or SACs John Doe #1-2, the Plaintiff suffered

9

a loss of income and earning capacity, and has incurred financial expenses and losses and will continue to incur additional financial expenses and losses in the future.

V.     **CAUSES OF ACTION**

<u>**COUNT I—42 U.S.C. § 1983**</u>
<u>**FOURTH AMENDMENT MALICIOUS PROSECUTION**</u>
<u>**PLAINTIFF v. DEFENDANTS CLAREMONT POLICE CHIEF BOST, SERGEANT GOFF, CORPORAL KIRBY, OFFICER RIDLEY, OFFICER LEWIS AND POLICE OFFICERS JOHN/JANE DOE #'s 1-5 AND/OR NCSBI DEFENDANTS SPECIAL AGENT ("SA") MADISON A. GAMBINO AND/OR SA R.G. CRAWLEY AND/OR SAS JOHN/JANE DOE #'s 1-5**</u>

48.     The preceding paragraphs are incorporated by reference as if fully set forth herein.

49.     Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 seized/arrested the Plaintiff without probable cause and initiated criminal proceedings against her for First Degree Murder and Child Abuse without probable cause in violation of her rights under the Fourth Amendment of the United States Constitution.

50.     The criminal charges against the Plaintiff were terminated in her favor on July 19, 2022.

51.     As the direct and proximate result of Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 malicious prosecution of the Plaintiff she was incarcerated for six months and suffered a significant deprivation of liberty, along with the other injuries/damages set forth in more detail above.

52. As the direct and proximate result of Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis Police Officers and/or John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 malicious prosecution of the Plaintiff, her rights under the Fourth Amendment of the United States Constitution were violated.

53. The above-described acts and/or omissions of Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 were so malicious, intentional, and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs and reasonable attorney's fees, and all other appropriate relief.

<u>**COUNT II - 42 U.S.C. § 1983**</u>
<u>***MONELL* CLAIM**</u>
<u>**PLAINTIFF v. CITY OF CLAREMONT**</u>

54. The preceding paragraphs are incorporated by reference as if fully set forth herein.

55. Defendant, City of Claremont, has adopted and maintained a policy, practice and/or custom of condoning and/or acquiescing in the violation of constitutional by Claremont Police

Officer and/or Detectives by permitting the unlawful arrest and malicious prosecution of citizens without evidence or probable cause in violation of the Fourth Amendment.

56. Defendant, City of Claremont, has adopted and maintained an unconstitutional policy, practice and/or custom of condoning and/or acquiescing in the "rush to judgment" by Claremont Police Officer and/or Detectives, who arrest and prosecute citizens without evidence or probable cause to look good to the public, and with the hope that eventually they will uncover sufficient evidence to establish probable cause and justify the arrest in violation of the Fourth Amendment.

57. Defendant, City of Claremont, has adopted and maintained an unconstitutional policy, practice and/or custom of failing to adequately train its Police Officers and/or Detectives regarding the constitutional limits of arresting and prosecuting persons without probable cause.

58. Pursuant to Defendant City of Claremont's unconstitutional policy, practice and/or custom, and its failure to adequately train its Police Officer and/or Detectives in the constitutional limits of arresting and prosecuting persons without probable cause, Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 maliciously prosecuted the Plaintiff by "rushing to judgment" and arresting and prosecuting her without probable cause in the death of her infant son.

59. Defendant, City of Claremont, has been aware of the unconstitutional policy, practice and/or custom of "rushing to judgment" and arresting and prosecuting persons without probable cause for a substantial period of time, and, despite said knowledge, have been deliberately indifferent to the Plaintiff's, and other citizens constitutional rights, by failing to:

a. Take steps to terminate the unconstitutional policy, practice and/or custom;

b. Institute better or different training regarding the constitutional limits on arresting and prosecuting persons without probable cause;

c. condoning and/or acquiescing in the unconstitutional policy, practice and/or custom.

60. The unconstitutional policies, practices and/or customs of Defendant, City of Claremont, were the direct and proximate cause of the violation of the Plaintiff's Fourth Amendment right to be free from malicious prosecution and resulted in the injuries described in more detail above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against the City of Claremont in an amount sufficient to fully compensate the Plaintiff, plus interest, costs, reasonable attorney's fees, and all other appropriate relief.

### COUNT III – 42 U.S.C. § 1983
### SUPERVISORY LIABILITY
### PLAINTIFF v. DEFENDANTS SAC LAWS AND
### SACS JOHN/JANE DOE #'s 1-2

61. The preceding paragraphs are incorporated by reference as if fully set forth herein.

62. Defendants SAC Law and/or SACs John/Jane Doe #'s 1-2 were the Supervisors of Defendants SA Madison A. Gambino, SA Crawley and SAs John/Jane Doe #1-5 and oversaw/directed the investigation leading to the arrest and prosecution of the Plaintiff.

63. Defendants SAC Law and/or SACs John/Jane Doe #'s 1-2 knew that there was insufficient evidence, and that the Defendants under their supervision lacked probable cause, to arrest and prosecute the Plaintiff for the crimes of Murder and Child Abuse, but in a rush to judgment, Defendants SAC Law and/or SAC John/Jane Doe #'s 1-2 condoned/encouraged/acquiesced in the decision by Defendants SA Madison A. Gambino, SA

13

Crawley and/or SAs John/Jane Doe #1-5 to arrest and prosecute the Plaintiff for Murder and Child Abuse knowing that the arrest and prosecution of Plaintiff violated her rights under the Constitution.

64. Defendants SAC Law and/or SACs John/Jane Doe #'s 1-2 had actual and/or constructive knowledge that the conduct of Defendants SA Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 to arrest and prosecute he Plaintiff without probable cause for Murder and Child Abuse posed a pervasive and unreasonable risk of constitutional injury, but were deliberately indifferent to that risk by condoning/encouraging/acquiescing in the arrest and prosecution of the Plaintiff.

65. Defendants SAC Law's and/or SACs John/Jane Doe #'s 1-2 deliberate indifference to the risk that Defendants SA Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 would violate the Plaintiff's constitutional rights by arresting and prosecuting her for Murder and Child Abuse was the direct and proximate cause of the violation of the Plaintiff's constitutional rights.

66. The above-described acts and/or omissions of SAC Law and/or SACs John/Jane Doe #'s 1-2 were so malicious, intentional, and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against SAC Law and/or SACs John/Jane Doe #'s 1-2, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs and reasonable attorney's fees, and all other appropriate relief.

## COUNT IV—42 U.S.C. § 1983
## CONSPIRACY
## PLAINTIFF v. DEFENDANTS CLAREMONT POLICE CHIEF BOST, SERGEANT GOFF, CORPORAL KIRBY, OFFICER RIDLEY, OFFICER LEWIS AND JOHN/JANE DOE #'S 1-5 AND/OR NCSBI DEFENDANTS SPECIAL AGENT ("SA") MADISON A. GAMBINO AND/OR SA R.G. CRAWLEY AND/OR SAS JOHN/JANE DOE #1-5 AND/OR SAC LAWS AND/OR SACS JOHN/JANE DOES #'s 1-2

67. The preceding paragraphs are incorporated by reference as if fully set forth herein.

68. Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #'s 1-5 and/or SAC Laws and/or SACs John/Jane Doe #'s 1-2 investigated the death of Kingston, and just three days after the baby's death, without an official autopsy report, or any other evidence establishing probable cause, collectively agreed to arrest and prosecute the Plaintiff for Kingston's death.

69. By causing the Plaintiff to be arrested and prosecuted without probable cause, Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, Crawley and/or SAs John/Jane Doe #'s 1-5 and/or SAC Laws and/or SACs John/Jane Doe #'s 1-2 committed an overt act in furtherance of the conspiracy.

70. The aforementioned conspiracy to rush to judgment and arrest the Plaintiff after just three days without probable was the direct and proximate cause of the violation of the Plaintiff's constitutional rights.

71. The above-described acts and/or omissions of Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Laws and/or SACs John/Jane Does #'s 1-2 were so malicious,

intentional, and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA R.G. Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Law and/or SACs John/Jane Does #'s 1-2, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs and reasonable attorney's fees, and all other appropriate relief.

<u>**COUNT V – NORTH CAROLINA LAW**</u>
<u>**MALICIOUS PROSECUTION**</u>
<u>**PLAINTIFF v. DEFENDANTS CLAREMONT POLICE CHIEF BOST, SERGEANT GOFF, CORPORAL KIRBY, OFFICER RIDLEY, OFFICER LEWIS AND POLICE OFFICERS JOHN/JANE DOE #'S 1-5AND/OR NCSBI DEFENDANTS SA MADISON A. GAMBINO AND/OR SA CRAWLEY AND/OR SAS JOHN/JANE DOE #1-5**</u>

72. The preceding paragraphs are incorporated by reference as if fully set forth herein.

73. At the time Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 arrested and initiated the prosecution against the Plaintiff they did not have probable cause to arrest and prosecute her for First Degree Murder and Child Abuse or any other crime.

74. Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 initiated the prosecution against the Plaintiff with malice.

75. Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and John/Jane Doe #'s 1-5 and/or NCSBI Defendants Special Agent ("SA") Madison A. Gambino and/or SA Crawley and/or SA's John/Jane Doe #1-5 ignored exculpatory evidence that exonerated the Plaintiff, and continued the prosecution without probable cause until July 19, 2022, despite knowing the Plaintiff could not and did not commit the crimes at least a year before dismissing charges.

76. Defendant SA Madison A. Gambino intentionally misled the Grand Jurors to obtain an indictment of the Plaintiff to justify the unconstitutional arrest and the initiation of criminal charges against her.

77. The above-described acts and/or omissions of Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 were so malicious, intentional, and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to North Carolina Law, Plaintiff demands compensatory and punitive damages against Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs and reasonable attorney's fees, and all other appropriate relief.

# COUNT VI – NORTH CAROLINA LAW
# OBSTRUCTION OF JUSTICE
# PLAINTIFF v. DEFENDANTS CLAREMONT POLICE CHIEF BOST, SERGEANT GOFF, CORPORAL KIRBY, OFFICER RIDLEY, OFFICER LEWIS AND JOHN/JANE DOE #'S 1-5 AND/OR NCSBI DEFENDANTS SPECIAL AGENT SA MADISON A. GAMBINO, SA CRAWLEY AND/OR SAS JOHN/JANE DOE #1-5 AND/OR SAC LAWS AND/OR SACS JOHN/JANE DOE #'s 1-2

78. The preceding paragraphs are incorporated by reference as if fully set forth herein.

79. Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Laws and/or SACs John/Jane Does #'s 1-5 rushed to judgment by arresting and initiating the prosecution against Plaintiff without probable cause, just three days after Kingston's death, which foreclosed any further investigation into other potential suspects thereby obstructing, impeding and/or hindering the apprehension of the actual killer.

80. In addition, Defendant SA Gambino obstructed justice by deliberately misrepresenting and skewing the evidence to the Grand Jury in an effort to get a formal indictment against the Plaintiff.

81. The aforementioned acts by Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Laws and/or SACs John/Jane Does #'s 1-5 amounted to an obstruction of justice.

82. The above-described acts and/or omissions of Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Laws and/or SACs John/Jane Does #'s 1-5 were so

malicious, intentional, and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to North Carolina Law, Plaintiff demands compensatory and punitive damages against Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Laws and/or SACs John/Jane Does #'s 1-5, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs and reasonable attorney's fees, and all other appropriate relief.

<u>**COUNT VII – NORTH CAROLINA LAW**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>
<u>**PLAINTIFF v. DEFENDANTS CLAREMONT POLICE CHIEF BOST, SERGEANT GOFF, CORPORAL KIRBY, OFFICER RIDLEY, OFFICER LEWIS AND POLICE OFFICERS JOHN/JANE DOE #'S 1-5AND/OR NCSBI DEFENDANTS SA MADISON A. GAMBINO AND/OR SA CRAWLEY AND/OR SAS JOHN/JANE DOE #1-5 AND/OR SAC LAWS AND/OR SACS JOHN/JANE DOE #'s 1-2**</u>

83. The preceding paragraphs are incorporated by reference as if fully set forth herein.

84. Plaintiff had just lost her infant son, and Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Laws and/or SACs John/Jane Does #'s 1-5 engaged in extreme and outrageous conduct by falsely accusing her of killing her son and then arresting and prosecuting her for the crime without any evidence or probable cause.

85. The aforementioned Defendants was intended to, and did cause the Plaintiff severe emotional distress, including disabling mental anguish and depression.

86. The above-described acts and/or omissions of Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Laws and/or SACs John/Jane Does #'s 1-5 were so malicious, intentional, and reckless, and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to North Carolina Law, Plaintiff demands compensatory and punitive damages against Defendants Claremont Police Chief Bost, Sergeant Goff, Corporal Kirby, Officer Ridley, Officer Lewis and/or Police Officers John/Jane Doe #'s 1-5 and/or NCSBI Defendants SA Madison A. Gambino, SA Crawley and/or SAs John/Jane Doe #1-5 and/or SAC Laws and/or SACs John/Jane Does #'s 1-5, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs and reasonable attorney's fees, and all other appropriate relief.

Respectfully submitted,

By: *s/ Robert A. Greenberg*
Robert A. Greenberg
MEIROWITZ & WASSERBERG LLP
105 N. 6TH Street
Wilmington, North Carolina 28401
Cell: (910) 274-9937
Fax: (646) 432-6887
Email: bobby@mwinjurylaw.com
Attorney for Plaintiff

Dated: November 19, 22024