AALIYAH MUNGRO,

                    Plaintiff,

v.

CITY OF CLAREMONT, *et al.*,

                    Defendants.

**CLAREMONT DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT**

       Pursuant to Local Civil Rule 7.1(e), Defendants the City of Claremont, Gary Bost, Allen Long, Scott Goff, Daniel Kirby, Edwin Ridley, and Kasey Lewis (hereinafter, collectively, "Claremont Defendants") submit the following Reply Brief in response to Plaintiff's Memorandum in Opposition to Claremont Defendants' Motion to Dismiss the Amended Complaint. (ECF 30). Plaintiff may not "incorporate[] by reference the Memorandum of Law in Opposition to the Motion submitted by Co Counsel Denenberg regarding the SBI/State Defendants." (ECF 30, p. 1). While the same body of caselaw applies to Defendants' respective motions, the facts alleged against each party and parties' respective arguments are separate. Moreover, memoranda of law in support or opposition to a motion are limited to 25 pages. L.Cv.R. 7.1(d)–(e). Plaintiff's attempt to incorporate a second memorandum to oppose Claremont Defendants' motion doubles the length of her response, raises issues not relevant to Claremont Defendants' motion without specifying how or when, and is fundamentally unfair to Claremont Defendants. *See, e.g.*, *United States v. Bales*, 813 F.2d 1289, 1297 (4th Cir. 1987) (holding

incorporation of another brief by reference is improper under the Rules of Appellate Procedure); M.D.N.C. L.R. 7.3(d)(3)–(4) (forbidding the same altogether). The Defendants' motions and Plaintiff's respective responses must be considered on their own merits.

## I. PLAINTIFF'S STATEMENT OF FACTS IMPROPERLY LOOPS CLAREMONT DEFENDANTS INTO ALLEGATIONS AGAINST GAMBINO.

Plaintiff represented that both Long and North Carolina State Bureau of Investigation (hereinafter, "SBI") Special Agent Madison Gambino both represented to the District Attorney and magistrate "that Plaintiff testified that she 'never intentionally killed her child.'" (ECF 30, p. 4). However, only Gambino testified to the magistrate. (ECF 22-2). Likewise, Plaintiff cited Paragraphs 32 and 50 in the Amended Complaint for the proposition that Long assisted Gambino with numerous aspects of the investigation and Plaintiff's arrest. (ECF 30, pp. 10–11). Plaintiff's attempt to summarize these allegations illustrates her shotgun-pleading style as both Paragraphs 32 and 50 contain the noncommittal string of Defendants and John/Jane Does from Claremont Police Department and the SBI that failed to notify any Defendant of his or her wrongdoing. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Similarly, Plaintiff's repeated representations that Gambino consulted with Long who consulted with his officers regarding the facts of the case before testifying to the grand jury does not appear in the Amended Complaint. Additionally, Gambino's alleged omission of "exculpatory evidence that established that Plaintiff could not have caused Kingston's broken ribs," was directly attributed to Gambino, (ECF 17, ¶¶ 41–45), and cannot be plausibly traced back to Long because Long's reported that the rib fractures identified by the medical examiner were older and healing, (ECF 17, ¶ 35). These representations also permeated Plaintiff's argument that she alleged sufficient facts to find a plausible conspiracy between Long and Gambino. (ECF 30, pp.15–17).

However, the purported facts identified are no more than a string of inferences built on inferences, none of which are supported by well-pled facts.

Moreover, Long's alleged misconstruction and relation of Plaintiff's statements to the prosecutor were neither inaccurate nor inculpatory. (ECF 22-3, p. 9); (ECF 17, ¶¶ 39). Plaintiff failed to identify any case indicating that a suspect's uncoerced "if I did it" statement cannot be used as an admission under the totality of the circumstances. *See generally United States v. Gray*, 137 F.3d 765 (4th Cir. 1998) (illustrating the probable cause and totality of the circumstances standards). She also acknowledged that the only alleged fabrications or misrepresentations made to the prosecutor and magistrate were by Gambino. (ECF 30, p. 5) ("SA Gambino relied on this fabricated/manufactured evidence to present her case against Plaintiff to the District Attorney and to obtain an arrest warrant from the magistrate judge."). Other than this conclusory and unsupported inference about Long's conduct in securing Plaintiff's arrest, which is insufficient on its own to state a claim against Long, *see Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (holding the testifying witness is responsible for misrepresenting facts to the judicial official determining probable cause), Plaintiff's statement of facts, like the Amended Complaint, continued to point the finger at Gambino and the SBI Defendants as responsible for Plaintiff's allegedly wrongful arrest and prosecution. (ECF 30, pp. 5–8).

## II.     PLAINTIFF SHOULD NOT BE GIVEN LEAVE TO FILE A SECOND AMENDED COMPLAINT

"Rule 8 marks a notable and generous departure from the hypertechnical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). When the well-pleaded facts do not imply "more than the mere possibility of misconduct," the complaint fails to

meet this standard, and dismissal is warranted." *Id.* at 679. Moreover, a party who cannot meet this low threshold is not entitled to discovery, cabined or otherwise. *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." (internal quotation marks and citation omitted)). The Supreme Court found this concern more pressing in suits against government officials who are entitled to the defense of qualified immunity, as qualified immunity is an immunity from suit that precludes those entitled to it from having to bear the burdens of discovery altogether. *Iqbal*, 556 U.S. at 685.

Claremont Defendants have not demanded that Plaintiff file her suit with a full knowledge of the facts necessary to prove her case. (ECF 30, p. 9). Defendants' argument on this issue is that Plaintiff failed to state whom she is suing and for what. *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008); (ECF 22-3, p. 9). The same argument appeared in Claremont Defendants' Motion to Dismiss the original Complaint. (ECF 10, 10-2). Plaintiff's second attempt to state a sufficient cause of action against Claremont Defendants offered scarce additional details showing a plausible entitlement to relief.

Furthermore, Plaintiff's contention that the Amended Complaint does not use "group pleading" against Long is plainly unsupported by the face of the pleading. The only allegations attributing facts to Long are that he led Claremont Police Department's personnel in the investigation (ECF 17, ¶ 32); he attended the autopsy and shared factually accurate notes that included exculpatory facts regarding Kingston's other injuries with the investigators (ECF 17, ¶¶ 34–35); that he listened to a recording of Plaintiff's interview with investigators (ECF 17, ¶¶ 36,

39); and that he discussed the interview with the District Attorney's office (ECF 17, ¶ 46). Plaintiff has yet to identify any specific conduct by Claremont Defendants other than Long. The allegations against Long specifically and the remaining group allegations against Claremont Defendants are insufficient to state a claim as a matter of law. *Vinnedge v. Gibbs*, 550 F.2d 926, 929 (4th Cir. 1977) ("Liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights. Having failed to allege any personal connection between [Defendant] and any denial of [*pro se* Plaintiff]'s constitutional rights, the action against [Defendant] must fail." (internal citations omitted)); *Cox v. Roach*, 218 N.C. App. 311, 326 (2012) (holding when there has been a finding of probable cause to arrest, it is only pierced by deliberate falsehood or reckless disregard for the truth by the officer).

Plaintiff's conspiracy claim remains deficient. While Plaintiff need not produce direct evidence of a meeting of the minds, she "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996); *see Twombly*, 550 U.S. at 564 ("Although in form a few stray statements speak directly on agreement, on fair reading these are merely legal conclusions resting on the prior allegations."). Instead of identifying these facts or making any legal argument to the effect that the allegations in the Amended Complaint *are* sufficient, Plaintiff rested on the conclusion that Long "ignored exculpatory evidence . . . and supported the decision to arrest and prosecute the Plaintiff without probable cause," so she should be allowed to develop this theory in discovery because "'the key is to generally identify those 'persons responsible for the problem.'". (ECF 30, p. 11) (quoting *J.A. v. Miranda*, No. PX 16-3953, 2017 WL 3840026, at *3 (D. Md. Sept. 1, 2017) (unpublished). However, *J.A.* involved allegations that the plaintiff "was the alleged victim of a group beatdown," which the named

officers witnessed and allegedly should have stopped. *Id.* By comparison, there is no evidence showing that Long or any other Claremont Defendant knew that Gambino planned to or in fact did misrepresent evidence in testifying to the magistrate or grand jury on probable cause. Plaintiff's basis for this argument is a chain of inferences drawn from Long sharing his autopsy notes and reviewing Plaintiff's recorded interview. *See A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (holding "parallel conduct and a bare assertion of conspiracy" are insufficient to state a conspiracy claim).

Equally, Plaintiff's Fourteenth Amendment fabrication of evidence claim against Claremont Defendants lacks factual support and cannot proceed. The murder charge against Plaintiff was initiated on account of Gambino's alleged fabrications, misrepresentations, and omissions to the magistrate and grand jury. "To succeed on a Fourteenth Amendment fabrication of evidence claim, a plaintiff must show that (1) that officers fabricated or omitted material evidence; (2) that [s]he suffered a loss of liberty; and (3) that the loss of liberty was caused by the fabricated evidence." *Harris v. Town of Southern Pines*, 110 F.4th 633, 645 n. 6 (4th Cir. 2024) (citing *Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014)); *see also Black v. Montgomery*, 835 F.3d 358, 369 (3d Cir. 2016) ( holding testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong); *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014) ("[A] witness's misidentification should not be regarded as a fabrication in the absence of persuasive evidence supporting a conclusion that the proponents of the evidence were aware that the identification was incorrect, and thus, in effect, offered the evidence in bad faith.").

Like Plaintiff's malicious prosecution claim, it cannot be said that Long reporting to the prosecutor that Plaintiff denied intentionally killing her child, which directly negates the critical

essential element of the charge, caused Plaintiff's loss of liberty. The alleged omission of whether she denied unintentionally killing or otherwise hurting Kingston is superfluous to determining whether there was probable cause for the crime charged, and Plaintiff did not allege that Long misrepresented either denial. The alleged fabrications, misrepresentations, and omissions that "caused" Plaintiff's prosecution were directly attributed to Gambino.

Plaintiff failed to rectify the issues with her original Complaint in the Amended Complaint. *Compare* (ECF 1), *with* (ECF 10), *and* (ECF 17). She should not be given a third bite at the apple on the chance that she may be able to state some plausible claim because the facts alleged to this point show that no such claim exists against Claremont Defendants.

### III. CLAREMONT DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AND PUBLIC OFFICIAL IMMUNITY.

Qualified immunity and public official immunity serve as absolute bars to Plaintiff's claims unless Plaintiff can show that her clearly established rights were violated by each Claremont Defendant, *Iqbal*, 556 U.S. at 666, and that each Defendant acted with corruption or malice or outside the scope of his duties, *Meyer v. Walls*, 347 N.C. 97, 114, 489 S.E.2d 880, 889 (1997). For qualified immunity, a right is clearly established if "the contours of the right [are] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Hill v. Crum*, 727 F.3d 312, 321 (4th Cir. 2013) (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). This inquiry must "be undertaken in light of the specific context of the case" and "not as a general proposition." *Saucier v. Katz*, 533 U.S. 194, 195 (2001). Plaintiff must identify "cases of controlling authority in [this] jurisdiction at the time of the incident which clearly established the rule on which [she] seek[s] to rely," or "identif[y] a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson*, 526

U.S. at 617; *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) ("The rule must be 'settled law[.]' . . . It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." (internal citations omitted)).

Plaintiff failed to meet this threshold. District court opinions, published or unpublished, do not amount to clearly established law for purposes of qualified immunity. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 545 (4th Cir. 2017) (holding the same for unpublished appellate opinions). Likewise, to the extent Plaintiff seeks to rely on the rules developed or the rationale in cases decided after the events in this case took place in 2020, the same cannot constitute clearly established law in assessing Claremont Defendants' entitlement to qualified immunity. *See, e.g. Harris*, 110 F.4th 633. Plaintiff cannot distinguish the authorities cited by Claremont Defendants to show that any of them violated her clearly established rights. It follows that Claremont Defendants are entitled to dismissal of the Amended Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, and the arguments articulated in Claremont Defendants' Brief in Support of their Motion to Dismiss, the Court should grant Claremont Defendants' motion and dismiss claims against each of them with prejudice.

Dated: August 25, 2025.                     **HALL BOOTH SMITH, P.C.**

**/s/Christian J. Ferlan**
Christian J. Ferlan
N.C. Bar No. 53459
11215 North Community House Road
Suite 750
Charlotte, NC 28277
Phone:   (980) 859-0380

Fax:     (678) 539-1601
E-mail: cferlan@hallboothsmith.com
***Attorneys for Claremont Defendants***

# ARTIFICIAL INTELLIGENCE CERTIFICATION

I, Christian Ferlan, hereby certify:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered and the citation to authority provided.

Dated: August 25, 2025.                                    **/s/Christian Ferlan**